IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EAST PERIMETER POINTE, | |
| Plaintiff, | CIVIL ACTION NO. 1:17-CV-4445-AT-LTW |
| v. | |
| ANNA BORNACELLY and ALL OTHERS, | |
| Defendants. | |

## MAGISTRATE JUDGE'S FINAL ORDER AND REPORT AND RECOMMENDATION

The above-styled case is before the undersigned on pro se Defendant Anna Bornacelly's ("Bornacelly") request to file this civil action in forma pauperis, without prepayment of fees and costs or security therefor pursuant to 28 U.S.C. § 1915(a)(1). (Doc. 1). Pursuant to 28 U.S.C. § 1915(a), the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security. Pace v. Evans, 709 F.2d 1428, 1429 (11th Cir.1983). Thus, the Court is required to determine whether the statements within the Affidavit in support of the in forma pauperis petition demonstrate that the litigant is unable to pay the cost of the proceeding and support and provide necessities for himself and his dependents. 28 U.S.C. § 1915; Thomas v. Chattahoochee Judicial Circuit, 574 F. App'x 916, 917 (11th Cir. 2017); Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004).

AO 72A
(Rev.8/82)

When determining whether the litigant is unable to pay the costs of the proceeding, it is appropriate to consider the litigant's ability to obtain funds from a spouse or a parent. Williams v. Berryhill, No. 17-00346-KD-N, 2017 WL 3300541, at *2 (S.D. Ala. Aug. 2, 2017); Sutton v. Colvin, No. 3:16-CV-886-J-34MCR, 2016 WL 7971445, at *1 n.2 (M.D. Fla. July 26, 2016); Hudson v. Cardwell Corp., No. 04-0821-WS-M, 2005 WL 1154320, at *2 (S.D. Ala. May 12, 2005).

In this case, Plaintiff's Affidavit of poverty indicates that paying the filing fee or incurring the costs of these proceedings is not beyond Plaintiff's reach. Here, Plaintiff's Affidavit in support her petition indicates that Plaintiff makes $18,000 per month from employment income and $2,000 per month in disability income. Even if Plaintiff's income on the Affidavit was inaccurate, Plaintiff could still incur the costs of the proceedings because she indicates that she has $25,000 in a checking or savings account. (Doc. 1, at 7). Thus, the requirements of 28 U.S.C. § 1915(a)(1) have not been satisfied, and Bornacelly's application for leave to proceed *in forma pauperis* should be **DENIED**. (Doc. 1). Additionally, for the reasons outlined below, the Court has no jurisdiction over the instant lawsuit. Accordingly, this Court **RECOMMENDS** that this action be **REMANDED** pursuant to 28 U.S.C. § 1447(c) to the Magistrate Court of DeKalb County.

## PROCEDURAL BACKGROUND FACTS

In November 2017, pursuant to Georgia law, Plaintiff East Perimeter Pointe ("EPP") filed a dispossessory proceeding in the Magistrate Court of DeKalb County in

an attempt to evict Bornacelly from her residence for failure to pay rent. (See Doc. 1-1, at 5). Bornacelly removed the matter to this Court on November 6, 2017, and argued that the matter was removable because EPP has artfully pled its dispossessory complaint in order to avoid pleading a federal claim. (Doc. 1-1, at 2). In support, Plaintiff asserts that Plaintiff has "intentionally failed to allege compliance with the Civil Rights Act of 1968" and argues that she "is a member[] of a protected class of whom the statute, the 'Civil Rights Act of 1968' was created." (Doc. 1-1, at 2-3).

## **LEGAL ANALYSIS**

Based on this Court's review of the pleadings, it is clear that removal was improper because the Court lacks subject matter jurisdiction over the instant lawsuit. It is the Court's duty to inquire into its subject matter jurisdiction sua sponte whenever it may be lacking. Hernandez v. Att'y Gen., 513 F.3d 1336, 1339 (11th Cir. 2008). The general removal statute, 28 U.S.C. § 1441, does not provide a basis for removal in this case. Title twenty-eight, Section 1441(a) of the United States Code provides that a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). District courts have original jurisdiction of civil cases that present a federal question or that involve citizens of different states and exceed the $75,000.00 amount in controversy threshold. See 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1332(a)(1) (diversity jurisdiction for citizens

AO 72A
(Rev.8/82)

of different states). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001) (citation omitted). "[U]ncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

It is readily apparent to this Court that federal question jurisdiction is not present. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (internal citation omitted). Potential defenses and counterclaims involving the Constitution or laws of the United States are ignored. Vaden v. Discover Bank, 556 U.S. 49, 60 (2009); Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003).

In this case, EPP relied exclusively on state law when it initiated a dispossessory proceeding in the Magistrate Court of DeKalb County to seek possession of Bornacelly's residence for failure to pay rent. (Doc. 1-1, at 5). No federal question is presented on the face of EPP's Complaint. Jurisdiction over the initiation and trial of a dispossessory action filed in Georgia lies entirely in the state court system. See O.C.G.A. § 44-7-49, et seq. There is also no evidence that warrants the application of

4

an exception to the well-pleaded complaint rule, such as the doctrine of complete preemption. Caterpillar, 482 U.S. at 393. Additionally, although Bornacelly argues the matter is removable on the grounds that Plaintiff has "intentionally failed to allege compliance with the Civil Rights Act of 1968" in its dispossessory action, a federal question present in a counterclaim or a defense is not a proper basis for removal of a complaint. Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 766 n.20 (11th Cir. 2010). Furthermore, Bornacelly does not explain her argument that EPP artfully pled its dispossessory action and this Court sees no basis for her argument.

Moreover, Bornacelly's Notice of Removal does not support the existence of diversity jurisdiction. A party removing a case to federal court based on diversity of citizenship bears the burden of establishing that the citizenship of the parties is diverse and that the $75,000 amount in controversy jurisdictional threshold is met. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004); Fowler v. Safeco Ins. Co. of Am., 915 F.2d 616, 618 (11th Cir. 1990). Neither Bornacelly's Petition for Removal nor EPP's Complaint includes any facts showing that the parties are diverse or that the $75,000 jurisdictional threshold is met. EPP simply seeks possession of the rental premises and past due rent and fees in an amount that falls well below the jurisdictional threshold. (Doc. 1-1, at 5). A claim seeking ejectment in a dispossessory action cannot be reduced to a monetary sum for purposes of determining the amount in controversy. Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1382 (N.D. Ga. 2010); Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-CV-2864-RWS,

1:07-CV-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 9, 2008); Novastar Mortg., Inc. v. Bennett, 173 F. Supp. 2d 1358, 1361-62 (N.D. Ga. 2001), aff'd 35 F. App'x 858 (11th Cir. 2002). Because Bornacelly has not established a basis for removal jurisdiction, the undersigned **RECOMMENDS** that this action be **REMANDED** pursuant to 28 U.S.C. § 1447(c) to the Magistrate Court of DeKalb County.

## CONCLUSION

Based on the foregoing reasons, Defendant Bornacelly's motion to proceed *in forma pauperis* should be **DENIED**. (Doc. 1). Additionally, this Court **RECOMMENDS** that this action be **REMANDED** pursuant to 28 U.S.C. § 1447(c) to the Magistrate Court of DeKalb County. As this is a final Report and Recommendation and there are no other matters pending before this Court, the Clerk is directed to terminate the reference to the undersigned.

**IT IS SO ORDERED AND REPORTED AND RECOMMENDED**, this 23 day of February, 2018.

*[Signature]*
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)